IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RANDALL L. WOODRUFF, as Bankruptcy )
Trustee for Legacy Healthcare, Inc. and for )
Douglas Anthony Bradburn and Jacquelyn )
Sue Bradburn, )
     Plaintiff, )
      )
vs. )     1:03-CV-0183 SEB-VSS
      )
CUMBERLAND RIVER HEALTH AND )
HUMAN SERVICES CORPORATION, and )
KENNETH A. HILL, )
     Defendants. )

## CORRECTED
## ENTRY GRANTING MOTION FOR DEFAULT JUDGMENT and
## DETERMINING THE AMOUNT OF DAMAGES

As of the Court's Entry of July 22, 2004, only two defendants to this cause remain.
Each is in default for failure to appear or otherwise respond to the complaint in this
cause, pursuant to Rule 55(a), Fed. R. Civ. P.

This matter is now before the Court on Plaintiff's motion for entry of default
judgment. Under Fed. R. Civ. P. 55(b)(2), default judgment may be entered by the Court
following a determination of the amount of damages. On July 25, 2004, the Court directed
the plaintiff to submit appropriate evidentiary material to enable the Court to

determine the amount of the damages award. Plaintiff having complied with the show cause order, the Court <u>GRANTS</u> Plaintiff's motion and enters judgment by default against Defendants.

In addition, the Court, having reviewed the written submissions regarding damages, determines the following damages:

| | |
|---|---|
| (1) Equity Payout at Funding | $ 2,000,000 |
| (2) Equity Payout after Funding | $ 28,000,000 |
| (3) National City Bank Judgment | $ 2,737,145 |
| (4) Old National Bank Judgment | $ 1,483,466 |
| (5) Concord Partnership Judgment | $ 1,783,751 |
| (6) Mut. Fed. Sav. Bank Judgment - Wabash | $ 494,953 |
| (7) Star Financial Bank[1] | $ 25,883 |
| (8) Payment for Personal Property | $ 100,000 |
| (9) Medicaid Funds Converted | $ 547,343 |
| (10) Medicare Funds Converted | $ 129,772 |
| (11) Other Funds Converted | $ 93,546 |

- claimed ($132,289)
- disallowed ($38,743.60)[2]

---

[1] Disallowed bank debts: (1) Bank One Judgment, for lack of documentation to support the allegation in Aff. ¶ 8(d)(ii); (2) Mut. Fed. Sav. Bank - Muncie, for lack of documentation to support the allegation in Aff. ¶ 8(e)(i)(2).

[2] See Ex. 31, Spreadsheet titled "Legacy Funds Collected by Cumberland - other." The following exhibit/page # lack sufficient documentation to establish that the claims pertain to the

(continued...)

| | |
|---|---|
| (12) Conversion Penalty | $ 1,618,808 |
| (13) Loss of uncollected A/R | $ 1,149,832 |
| (14) Consulting Agreement Damages | $    896,047 |
| (15) Medicare Overpayment Penalty | $    698,378 |
| Total Compensatory Damages | $ 41,758,924 |

With respect to punitive damages, despite Mr. Bradburn's statement that he has personal knowledge of a number of other instances of fraudulent conduct on the part of Defendants Cumberland and Hill, the supporting exhibits do not persuade the Court that such an award is indicated. Bradburn Aff. ¶ 24.

The standard for an award of punitive damages, in Indiana, is a demonstration by clear and convincing evidence that the defendant acted with malice, fraud, gross negligence or oppressiveness that was not the result of mistake of fact or law, honest error of judgment, overzealousness, mere negligence, or other human failing. In addition, the Indiana Supreme Court has emphasized that "the essential point [of the clear and convincing standard] is that because punitive damages do not compensate the plaintiff, the plaintiff has no right or entitlement to an award of punitive damages in any amount. Cheatham v. Pohle, 789 N.E.2d 467, 472 (Ind. 2003). Thus, even after finding all of the

---

[2](...continued)
period in time preceding the purchase of Legacy by Cumberland: 001, 039, 079, 095, 098, 099, 107, 109.

facts necessary to justify the award, the Court is not required to award punitive damages. Id. We decline to award punitive damages for these reasons.

Conclusion

Accordingly, the Court determines that the plaintiff, Randall L. Woodruff, as Bankruptcy Trustee for Legacy Healthcare, Inc. and for Douglas Anthony Bradburn and Jacquelyn Sue Bradburn, is entitled to recover from defendants Kenneth A. Hill and Cumberland River Health and Human Services Corporation, jointly and severally, the sum of $ 41,758,924.00.

IT IS SO ORDERED.

Date: ___12/06/2005_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copy to:

Bruce Noel Munson
bnmunson@aol.com